# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| RONALD J. HOLLEMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv289 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OVERRULING OBJECTIONS AND PARTIALLY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ronald J. Holleman, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding. Petitioner was convicted of creating a disturbance after he refused to obey an order requiring him to submit to a strip search before being seen by a doctor.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections. After careful consideration, the court is of the opinion the objections are without merit. Petitioner states he did not have notice that his conduct violated prison regulations. It is a violation of due process to punish a prisoner for behavior that he could not have known was prohibited. *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994). However, as petitioner did not lose previously earned good conduct times credits as a result of his disciplinary conviction, he was not entitled to due process before receiving the punishment imposed. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Petitioner also complains that requiring him to submit to a strip search violated his rights under the Fourth Amendment. As petitioner did not lose previously earned good conduct time credits, a finding in his favor would not have a direct effect on the fact or duration of his confinement. He is therefore unable to pursue this claim in a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). However, he could conceivably pursue his claim in a civil rights action. As a result, this claim will be severed from this action and proceed as a separate lawsuit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is partially **ADOPTED** to the extent it recommends that this petition be denied. Petitioner's civil rights claim under the Fourth Amendment is **SEVERED** from this action and shall proceed as a separate lawsuit. A final judgment shall be entered denying the petition.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability

should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the **30** day of **April, 2015.**

_____
Thad Heartfield
United States District Judge